NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MERRICK JOSE MOORE, | ) | No. C 11-00371 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| L. GONZALEZ, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a prisoner currently incarcerated at the Salinas Valley State Prison ("SVSP") in Soledad, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.11\00371Moore_dwlta.wpd                    1

1 any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
2 claim upon which relief may be granted or seek monetary relief from a defendant who is
3 immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
4 liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5 1988).

6       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7 elements: (1) that a right secured by the Constitution or laws of the United States was
8 violated, and (2) that the alleged violation was committed by a person acting under the
9 color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**     **Plaintiff's Claims**

According to the complaint and attachments thereto, Plaintiff was being transported from SVSP to "SAC" State Prison on March 17, 2010.  During a brief stop at San Quentin State Prison, Plaintiff was waiting in the bus in the Receiving and Release area when Defendant L. Gonzalez snatched Plaintiff up from his seat and dragged him to the back of the bus where he proceeded to choke him.  (Compl. at 3.)  Liberally construed, Plaintiff's claim against Gonzalez is cognizable as violating the Eighth Amendment's prohibition against the use of excessive force.

Plaintiff alleges that when he complained to Defendant Sergeant W. Bennett about Gonzalez's misconduct and his desire to file a complaint, Bennett warned Plaintiff not to pursue the matter.  (Id. at 3(a).)  Plaintiff alleges that he was treated differently thereafter during the remainder of the transport.  These allegations are insufficient to state a claim as Plaintiff fails to allege how Bennett's actions violated a right secured by the Constitution or other federal law.  Accordingly, the claims against Bennett are DISMISSED with leave to amend.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.     The claims against Defendant W. Bennett are DISMISSED with leave to

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.11\00371Moore_dwlta.wpd     2

1  amend **within thirty (30) days** from the date this order is filed, to correct the deficiencies
2  discussed above.  The amended complaint must include the caption and civil case number
3  used in this order (11-00371 JF (PR)) and the words FIRST AMENDED COMPLAINT
4  on the first page.  Because an amended complaint completely replaces the previous
5  complaints, Plaintiff must include in his amended complaint all the claims he wishes to
6  present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d
7  1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior
8  complaint by reference.

9  **Failure to file an amended complaint in the time provided will result in the**
10 **dismissal without prejudice of this action without further notice to Plaintiff.**

11     3.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must
12 keep the Court informed of any change of address by filing a separate paper with the clerk
13 headed "Notice of Change of Address."  He must comply with the Court's orders in a
14 timely fashion or ask for an extension of time to do so.  Failure to comply may result in
15 the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

16     IT IS SO ORDERED.

18 DATED: 4/22/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MERRICK JOSE MOORE,

        Plaintiff,

  v.

L. GONZALEZ, et al.,

        Defendants.
          /

Case Number: CV11-00371 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  5/2/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Merrick Jose Moore H82249
Salinas Valley State Prison III
P.O. Box 1050
Soledad, CA 93960

Dated:  5/2/11

                          Richard W. Wieking, Clerk