IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE, | No. C 11-00371 CW (PR) |
| Plaintiff, | ORDER OF TRANSFER |
| v. | |
| L. GONZALEZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner incarcerated at California State Prison - Corcoran (CSP-COR), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed in forma pauperis has been granted.

In his original complaint, Plaintiff, who at the time was incarcerated at Salinas Valley State Prison (SVSP), alleged that while being transported from SVSP to California State Prison - Sacramento (CSP-SAC) for a court appearance, he was assaulted by one of the transportation officers on the bus when it stopped briefly at San Quentin State Prison (SQSP). Additionally, Plaintiff alleged that when he informed a correctional sergeant about the misconduct and his desire to file a complaint, he was warned not to pursue the matter. Thereafter, Plaintiff alleged, he was treated differently during the remainder of the transport.

By Order filed May 2, 2011, Judge Jeremy Fogel found that Plaintiff stated a cognizable Eighth Amendment claim against the transportation officer for the use of excessive force, but dismissed the claims against the correctional sergeant with leave to amend due to Plaintiff's failure to allege how the correctional

sergeant's actions violated a right secured by the Constitution or other federal law. Subsequently, the case was reassigned to the undersigned.

Plaintiff has filed an amended complaint in which he names the following Defendants: (1) Defendant W. Bennett, a Correctional Sergeant for the California Department of Corrections and Rehabilitation (CDCR) Transportation Unit, who works or resides in Sacramento; (2) Defendant L. Gonzalez, a Correctional Officer for the CDCR Transportation Unit, who works or resides in Sacramento; (3) Defendant Fragoso, a Correctional Sergeant at CSP-SAC; (4) Defendant Pomilla, a Correctional Officer at CSP-SAC; (5) Defendant K. Gonzalez, a Correctional Officer at SVSP.

Plaintiff makes the following allegations against the above Defendants. On March 17, 2010, Plaintiff was placed on a bus to transport him from SVSP to CSP-SAC for a court appearance. L. Gonzalez, a transportation officer accompanying Plaintiff and other prisoners on the bus, assaulted Plaintiff when the bus stopped briefly at SQSP. Bennett, another transportation officer on the bus, failed to intervene to stop the assault. When Plaintiff told Bennett he wished to file a complaint about the matter, Bennett advised him not to do so. For the duration of the ride to CSP-SAC, L. Gonzalez and Bennett made threatening statements to Plaintiff. When Plaintiff arrived at CSP-SAC, Bennett and CSP-SAC Correctional Officer Pomilla had him sign a form acknowledging his right to file a complaint against a peace officer, but Bennett told Plaintiff that if he did file a complaint he'd regret it.

On March 19, 2010, at CSP-SAC, Pomilla told Plaintiff his court appearance had been cancelled and he was being returned to

2

SVSP.  Pomilla told Plaintiff that he hoped Plaintiff would get his personal items, i.e., his court attire, sent back to him at SVSP. Plaintiff then told Pomilla's supervisor, Fragoso, that Plaintiff would be filing an excessive force claim against L. Gonzalez and a claim for retaliatory deprivation of property against Bennett and Pomilla.  Fragoso did not intervene to ensure Pomilla returned Plaintiff's property to him.

When Plaintiff returned to SVSP, Correctional Officer K. Gonzalez seized Plaintiff's legal property, mail and books, and then interviewed Plaintiff about his complaint of excessive force. K. Gonzalez subsequently refused to return Plaintiff's property to him, in retaliation for Plaintiff's complaints about the other Defendants.

Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).

In the present action, Plaintiff names five Defendants, four of whom – L. Gonzalez, W. Bennett, Fragoso and Pomilla – reside in Sacramento County, which is located in the Eastern District of

3

California.  See 28 U.S.C. § 84(b).  One Defendant, K. Gonzalez, resides at SVSP in Monterey County, in the Northern District.  Id. § 84(a).  The vast majority of the events giving rise to the claims in the complaint concern the actions of the four Eastern District Defendants who, in one capacity or another, interacted with Plaintiff during the course of his transport from SVSP to CSP-SAC. Some of the events giving rise to the claims against those four Defendants occurred at CSP-SAC, in the Eastern District, and some of the events occurred on the bus at SQSP, which is in the Northern District.

Based on the above, under § 1391(b), venue is proper in either the Eastern or the Northern District.  Where, however, an alternative forum with greater relation to the defendants or the action exists than the forum in which the action was filed, the action may be transferred to such alternative forum "[f]or the convenience of parties and witnesses, in the interest of justice." See 28 U.S.C. § 1404(a).

Here, the Court concludes the Eastern District would be a more convenient forum, for the following reasons: Plaintiff is incarcerated at CSP-COR in the Eastern District; the four Defendants allegedly responsible for the majority of the events from which Plaintiff's claims arise reside in the Eastern District; a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District; Plaintiff's claim against K. Gonzalez, the sole Defendant who resides in the Northern District, stems from Plaintiff's allegations against the other Defendants.

Accordingly, IT IS ORDERED in the interest of justice and for the convenience of both the parties and the witnesses, and pursuant

4

to 28 U.S.C. § 1404(a), that this action be TRANSFERRED to the United States District Court for the Eastern District of California.

The Clerk of the Court shall transfer this matter forthwith.

IT IS SO ORDERED.

DATED: 12/7/2011

_____
CLAUDIA WILKEN
United States District Judge