IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERRICK J. MOORE,

               Plaintiff,              No. 2:11-cv-3273 AC P

       vs.

L. GONZALEZ, et al.,              <u>ORDER</u>

               Defendants.

_____/

       Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The parties in this case have consented to the jurisdiction of the magistrate judge. ECF Nos. 17, 18, 38. Pending before the court are: (1) plaintiff's motion to compel discovery (ECF No. 45); (2) plaintiff's motion for an order allowing correspondence with incarcerated witnesses (ECF No. 49); (3) defendants' motion for summary judgment (ECF No. 52); (4) plaintiff's motion for an order granting access to review defendants' personnel records (ECF No. 57); (5) plaintiff's motion for a court-ordered settlement conference (ECF No. 63); (6) plaintiff's putative supplement to the amended complaint (ECF No. 64,) denominated "Civil Rights of Institutionalized Person[s] Act 42 U.S.C. 1997a; e"; and (7) defendants' request to strike plaintiff's supplement (ECF No. 69). For the reasons explained below, the court grants in

1    part and denies in part petitioner's motion to compel; denies petitioner's other motions; strikes

2    the supplement to the complaint; and defers adjudication of defendant's motion for summary

3    judgment.

4                                        AMENDED COMPLAINT

5              This case proceeds on an amended complaint against defendants Bennett,

6    Fraguso, L. Gonzalez, Pomilla and K. Gonzalez.  Amended Complaint, ECF No. 6.  Plaintiff's

7    claims arise from an alleged incident of excessive force and subsequent retaliation for

8    complaining about the assault.  The amended complaint alleges as follows.

9              On March 17, 2010, plaintiff was transported from Salinas Valley State Prison

10   (SVSP) to California State Prison - Sacramento (CSPS) for a court hearing.  Plaintiff was

11   apparently one of an unspecified number of inmates transported together by bus.  The bus

12   stopped at San Quentin Sate Prison en route to CSPS.

13             At the outset, transportation officers Bennett and L. Gonzalez required inmates

14   entering the bus, including plaintiff, to be shackled in waist chains and leg irons.  Defendant

15   Bennett advised inmates not to talk while the bus was moving, and warned them, "if I have to

16   pull this bus over for any reason we will fuck you up."  After the bus stopped at San Quentin,

17   plaintiff began to converse with other inmates.  Defendant Gonzalez responded by dragging

18   plaintiff from his seat by force and choking him, stating "'You don't open your fucking mouth

19   you understand me,'" while slamming plaintiff's back and shoulders against "the steel structure

20   of the bus."  When plaintiff asked why Gonzales was doing this, Gonzalez choked plaintiff

21   harder and told plaintiff not to ever question his orders.  Gonzalez cut off plaintiff's breath and

22   circulation, letting go only as plaintiff neared unconsciousness.  Gonzalez stated that he would

23   break plaintiff's neck if he disrespected him again.  ECF No. 6 at 2-7.

24             Plaintiff alleges that defendant Bennett, Gonzalez' supervisor, saw the entire

25   attack and made no effort to intervene.  When plaintiff told Bennett that he wished to file an

26   excessive force claim, Bennett told plaintiff: "You don't want these type of problems.  Filing a

                                                    2

complaint will cause your property to come up missing, and then I'll have to write you up."  In other words, Bennett threatened plaintiff with loss of property and a fabricated disciplinary report.  Plaintiff nevertheless insisted on filing a complaint.  Plaintiff saw a nurse at San Quentin and  received a medical report of injury, including photographs.  On the subsequent bus ride from San Quentin to CSPS, Bennett and Gonzalez told plaintiff he had "fucked up."  Upon arrival at CSPS, Bennett and defendant Pomilla, a CSPS correctional officer in Receiving and Release (R&R), called plaintiff to sign a CDC 1858 form acknowledging his right to file a complaint against a peace officer.  Bennett stated: "You['re] going to regret it."  Plaintiff was seen by a nurse who completed another injury report, but plaintiff was never provided medical care.  ECF No. 6 at 3-4, 7-8.

At CSPS, plaintiff was apparently housed in administrative segregation (ad seg) on out-to-court status.  On March 19, 2010, CSPS ad seg officers told plaintiff to leave his clothing inside his cell because he would be returning there from court.  However, plaintiff was then advised by defendant Pomilla in R&R that the court appearance had been cancelled and plaintiff was being returned to SVSP.  When plaintiff told Pomilla about the personal property left in his ad seg cell, Pomilla told him that the clothing was already in R&R, stating "You'll get it or I'll send it, I hope."  Plaintiff then told defendant Fragoso, a CSPS correctional sergeant in R&R, about his excessive force complaint against defendant Gonzalez and defendant Bennett's retaliatory threats of property deprivation, and complained that Pomilla was participating in the retaliation by withholding his property.  Despite being Pomilla's direct supervisor, Fragoso refused to stop the retaliation.  ECF No. 6 at 3, 9-10.

When plaintiff returned to SVSP, defendant K. Gonzales in SVSP R&R confiscated plaintiff  plaintiff's legal documents, mail and books, and has since refused to return plaintiff's legal property.  Plaintiff contends that these acts were in retaliation for filing an excessive force complaint.  He seeks declaratory relief and compensatory and punitive damages.  ECF No. 6 at 4, 10-12.

MOTIONS

I.      Plaintiff's Belated Discovery Motions

By Order filed on April 9, 2012, the deadline for the conclusion of discovery and for the filing of any motion necessary to compel discovery was September 7, 2012.  ECF No. 30. The dispositive motion filing deadline was December 11, 2012.  Plaintiff filed a motion to compel discovery on October 29, 2012, almost two months beyond the discovery deadline.  ECF No. 45.  On January 11, 2013, plaintiff filed a motion for an order granting plaintiff access to defendants' personnel records, which he styled a "Pitchess" motion.  ECF No. 57.  That motion was filed some four months beyond the deadline for discovery.  Defendants oppose both motions on grounds of untimeliness.  ECF Nos. 47, 60.

A.      Motion to Compel Further Response to Requests for Production of Documents

Plaintiff seeks to compel further responses to his requests for production (RFP) nos. 2 - 4 and 6 - 9, directed to defendant Gonzalez.  Motion to Compel, ECF No. 45.  In opposition, defendant Gonzalez observes that the motion is untimely and argues that he has provided plaintiff with complete responses.  Opposition, ECF No. 47.  Plaintiff has submitted documentation of his informal attempts to resolve the disputes during the discovery period, and contends that defendant's delayed responses were the cause of the untimeliness.  ECF No. 45 at 16-17, 19-20; Reply, ECF No. 51 at 2.  Plaintiff also represents that he was limited in his access to the law library.  ECF No. 51 at 3.  In light of plaintiff's pro se status and his showing of reasonably diligent efforts to timely complete discovery, the court will entertain the motion notwithstanding its untimeliness.

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad.  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable

1  matter." Id.  Discovery may extend to relevant information not admissible at trial "if the

2  discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

3  The court, however, may limit discovery if it is "unreasonably cumulative or duplicative," or can

4  be obtained from another source "that is more convenient, less burdensome, or less expensive";

5  or if the party who seeks discovery "has had ample opportunity to obtain the information by

6  discovery"; or if the proposed discovery is overly burdensome.  Fed. R. Civ. P. 26(b)(2)(C)(I),

7  (ii) and (iii).

8               1.     RFP Nos. 2 & 8: Internal Affairs Investigation Report

9            Request for production No. 2 seeks all documents generated by the Internal

10  Affairs investigation into plaintiff's excessive force claim.[1]  Request for production No. 8 seeks

11  the identities of, and personnel information including any disciplinary charges against,

12  individuals who worked in San Quentin R&R on March 17, 2010.[2]  Defendant produced

13  numerous documents in response to each of these RFPs, together with a privilege log identifying

14  materials that were not produced.  The privilege log identifies an "Internal Affairs Investigation

15  Report for case no. S-OPER-628-10-A (7204)" as responsive to RFP Nos. 2 and 8, and provides

16  the following grounds for the invocation of privilege:

17  _____

18      [1]    RFP No. 2 requests production of:

19          Any and all documents generated by cause of an "investigation"
20          conducted by the Department of Corrections, Office of
           Investigation commonly known as the Office of "Internal Affairs."
21          This request includes but is not limited to, all policies, procedures,
           or practices specific to the method of investigation, i.e., the
22          disciplinary practices, penalty if an employ[ee] if found guilty of a
           violation of conduct, penalty levels.

23      [2]    RFP No. 8 states:

24          Plaintiff request the defendants produce and provide the names,
           job titles, years of service, work history and any and all charges if
25          ever, filed against them for inspection, as well as those assign[ed]
           individuals who work[ed] in San Quentin Receiving and Release
26          area on March 17, 2010.

1
2
3
4
5

> This document contains confidential information the disclosure of which would create a hazard to the safety and security of the institution in that this document contains: (1) Defendant Gonzalez's full name and date of birth; (2) other correction staff members' names; (3) other inmates' names and CDC numbers.  In addition, this document is part of Defendant Gonzalez's personnel file and thus is protected by various state and federal statutes governing the confidentiality of peace officer records.

6  ECF No. 47 at 14-15.  Plaintiff seeks an order compelling production of the report.

7          In considering plaintiff's motion to compel, the court is mindful that privileges

8  are to be "strictly construed" because they "impede full and free discovery of the truth," Eureka

9  Financial Corp. v. Hartford Acc. and Indemnity Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991).

10 The Supreme Court has long noted that privileges are disfavored.  Jaffee v. Redmond, 518 U.S.

11 1, 9 (1996).  "The party asserting an evidentiary privilege has the burden to demonstrate that the

12 privilege applies to the information in question."  Tornay v. United States, 840 F.2d 1424, 1426

13 (9th Cir. 1988).

14         Defendant contends in general terms that peace officer records are confidential

15 under state and federal statutes.  Federal law governs the existence and scope of an asserted

16 privilege in federal question cases.  Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d

17 192, 197 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976).   "Federal common law recognizes a

18 qualified privilege for official information."  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033

19 (9th Cir. 1990) ("[g]overnment personnel files are considered official information.").  "To

20 determine whether the information sought is privileged, courts must weigh the potential benefits

21 of the disclosure against the potential disadvantages.  If the latter is greater, the privilege bars

22 discovery."  Sanchez, 936 F.2d at 1033-34.  "The balancing approach of the Ninth Circuit is

23 mirrored in this and other courts' previous determinations that a balancing test is appropriate

24 when the disclosure of law enforcement files in a civil action is at issue."  Doubleday v. Ruh,

25 149 F.R.D. 601, 609 (E.D. Cal. 1993).

26 ////

1        Defendant Gonzalez has a legitimate concern about releasing personnel

2   information, particularly into a prison population.  However, this concern can be addressed to a

3   significant degree by redaction.  The relevance of the Internal Affairs Report is not subject to

4   reasonable dispute.  The question then becomes whether the potential disadvantages of

5   disclosure outweigh the potential benefits for plaintiff.  The Ninth Circuit has suggested that

6   where information might warrant protection, a party "may assert a privilege to a particular

7   document . . ., and perhaps seek in camera inspection, at the time the documents are discovered

8   in the district court."  Kerr, 511 F.2d at 198-99.  In order to apply the balancing test required

9   under these circumstances, the court must review the report in camera.  Accordingly, defendant

10  Gonzalez will be ordered to produce the "Internal Affairs Investigation Report for case no. S-

11  OPER-628-10-A (7204)" to the court within fourteen (14) days, for in camera review.  Personal

12  data, such as the social security numbers of defendants and other individuals, birth dates and

13  home addresses, should be redacted from the report prior to submission for in camera review.

14       Plaintiff's motion to compel further production in response to RFP Nos. 2 and 8 is

15  granted insofar as it seeks in camera review of the Internal Affairs Investigation Report, and

16  denied in all other respects.

17       2.    RFP No. 3: Policies and Procedures Regarding Excessive Force Incident

18             Reports

19       Request for Production No. 3 seeks policies and procedures that govern the

20  writing of incident reports when "excessive force" is used on an inmate.[3]  Defendant responded

21  that the only such policies and procedures are contained in Title 15 of the California Code of

22  _____

23  [3]    Specifically, RFP No. 3 seeks:

24       Any and all documents, policies and procedures of writing incident
         reports when "excessive force" is used on an inmate.  This request
25       includes but is not limited to, when the inmate is restrained in
         "mechanical leg irons" and "waist chains;" maintenance of records
26       of all incidents which result in physical harm to an inmate.

1   Regulations and the Department Operations Manual, both of which are available to Plaintiff for

2   inspection and copying under the institution's procedures.  This response is entirely adequate.

3   The motion to compel is denied as to RFP No. 3.

4           3.      RFP No. 4: Information Regarding Medical Staff Who Evaluated Plaintiff

5                   on March 17, 2010

6           Request for Production No. 4 seeks the identities of, and extensive information

7   regarding, medical staff who participated in the evaluation of plaintiff following his altercation

8   with defendant Gonzalez.[4]  Defendant produced numerous responsive documents, comprising

9   more than 20 pages of documentation regarding plaintiff's health care requests, medication and

10  treatment for the period from March 3, 2010 through April 30, 2010.  The court has reviewed

11  these documents, which include the names of those medical personnel who provided treatment to

12  plaintiff in relation to the injuries at issue in this action.  Defendant Gonzalez stated in response

13  to the RFP that he has conducted a reasonable and diligent search for additional responsive

14  documents, including "disciplinary actions, complaints, institutional grievances, criminal

15  charges, suspensions, letters of reprimand, and demotion that were filed or issued to the medical

16  staff who provided Plaintiff with medical care following the alleged March 17, 2010 incident,"

17  and that there are no such in his possession, custody or control.  ECF No. 47 at 9-10.

18  Defendant's production is sufficient.  The court cannot compel production of additional

19  documents that do not exist.

20

21          [4]      RFP No. 4 seeks:

22

23          Any and all names of medical staff who participated in the
            evaluation of plaintiff on March 17, 2010 after the "excessive
24          force" was used.  This request includes but is not limited to,
            medical opinion, injury reports, progress notes, CDC encounter
25          forms, years of employment for the state, any and all disciplinary
            actions filed against them, complaints, institutional grievances,
26          criminal charges, felony and or misdemeanor, suspensions, letters
            of reprimand[,] demotions.

1        4.      RFP No. 6: The Jump Suit

2               Request for Production No. 6 asks defendant to "produce and provide for

3    inspection the jump suit Plaintiff wore on the bus the day of the incident, March 17, 2010."

4    Defendant responded that he has no "responsive documents" in his custody or control.  Pursuant

5    to Fed. R. Civ. P. 34(a)(1)(B), plaintiff may seek production of and be allowed to inspect "any

6    designated tangible thing."  Defendant's response is limited to documents, and does not address

7    the tangible thing that plaintiff requested.  Defendant will be ordered to either to produce the

8    item sought for inspection or to provide an appropriate response to the request.

9        5.      RFP No. 7: Video Recordings and Photographs

10              Request for Production No. 7 seeks "any and all videos capture of San Quentin

11   receive and release area; photos on March 17, 2010."  In response, defendant produced a staff

12   sign in/sign out sheet that shows which employees worked which shifts in R&R on March 17,

13   2010.  ECF No. 47 at 11, 77-78.  Defendant stated that there are no other responsive

14   "documents" within his custody or control.  In order to lay to rest any suspicion of evasiveness,

15   defendant will be ordered to supplement his response to specify whether there are any responsive

16   video recordings or photographs within his custody or control.

17       6.      RFP No. 9: Information Regarding Defendant's Citation To Statutes

18              Request for Production No. 9 seeks "the detailed purpose for the incorporation of

19   inapplicable citation California Code of Civil Procedure 340, 342, 343, 352.1(a) cited in

20   defendants' motion for demand for jury trial."  This request appears directed to some of the state

21   law citations in the section of the Answer setting forth "Affirmative Defenses," specifically with

22   reference to the statute of limitations.  See Answer, ECF No. 40.  Defendant correctly argues that

23   this request does not seek relevant information and is an inappropriate discovery request.  The

24   motion to compel will be denied as to RFP No. 9.

25       B.      Plaintiff's Motion for Leave to Access Defendants' Personnel Records

26              Plaintiff seeks access to defendants' personnel records for the purpose of

9

1  determining whether they have been involved in prior excessive force incidents or committed

2  other relevant misconduct.  ECF No. 57.  Plaintiff styles this request as a <u>Pitchess</u> motion.  <u>See</u>

3  <u>Pitchess v. Superior Court</u>, 11 Cal.3d 531, 535 (1974).  A <u>Pitchess</u> motion is a California

4  procedure by which a criminal defendant may seek a police officer's personnel records.  <u>See</u>,

5  <u>e.g.</u>, <u>City of Santa Cruz v. Municipal Court</u>, 49 Cal.3d 74, 84-85 (1989).  <u>Pitchess</u> procedures do

6  not apply in federal court.  This court construes plaintiff's motion as a motion to compel

7  production of the personnel files pursuant to Fed. R. Civ. P 37, and denies it as such.

8         Plaintiff did not serve a request for production of the personnel files before

9  seeking a court order compelling their disclosure.  Rule 37(a), Fed. R. Civ. P., provides that a

10  motion to compel may be brought when a party fails to respond to a properly propounded

11  discovery request, following a good faith attempt to confer in an effort to obtain a response.

12  Plaintiff's failure to follow the required procedure defeats his motion.

13         Moreover, plaintiff filed this motion more than four months after the close of

14  discovery, and has provided no explanation for the delay.  The undersigned entertained

15  plaintiff's late motion to compel, ECF No. 45, because that motion involved the adequacy of

16  responses to timely discovery requests, and plaintiff had attempted to resolve the disputes within

17  the discovery period.  The <u>Pitchess</u> motion was filed twice as long after the close of discovery,

18  and was not preceded by timely discovery requests.  Accordingly, the motion is denied both as

19  untimely and for failure to comply with Rule 37.

20         II.    <u>Motion for an Order to Allow Plaintiff's Correspondence with Inmate Witnesses</u>

21         Plaintiff seeks an order from this court which would permit him to correspond

22  with three inmates who he states are witnesses to the events at issue.  ECF No. 49.[5]  Plaintiff

23  would like to be able to interview his witnesses by phone; at a minimum, he seeks to correspond

24  with them by mail.  <u>Id.</u> at 1-2.  Plaintiff contends that his efforts to correspond with the potential

25

26         [5]    The inmates plaintiff names are: J. Thompson, # J76696; D. Collins, # H42450;
    and T. Nelson, # E51326.  <u>Id.</u> at 2.  Plaintiff believes these inmates to be housed at CSPS.

1   inmate witnesses has been thwarted by staff at CSP-Corcoran.  Id.  Plaintiff provides an exhibit

2   indicating his unsuccessful effort to comply with the prison rules regarding inmate

3   correspondence.  He has submitted a "request for correspondence approval" for each of the

4   inmates; the requests were directed to the warden and in each plaintiff sought a telephone

5   conference with each of his designated witnesses.  ECF 49 at 4-6.  In denying each request, a

6   CCI J. Torres cited "O.P. 205" stating that that regulation only permitted co-litigants in active

7   court case to correspond and denying plaintiff's requests because none of the inmates were

8   plaintiff's co-litigant.

9           Correspondence between inmates is generally prohibited.  See 15 Cal. Code.

10  Regs. § 3139.  However, inmates may "obtain written authorization from the Warden . . . or [his]

11  designee . . . to correspond with any . . . [i]nmates under the jurisdiction of any county, state or

12  federal, juvenile or adult correctional agency . . . ."  Id., § 3139(a). "Inmates may initiate

13  requests to correspond with the above by contacting their Correctional Counselor I (CCI)."  Id., §

14  3139(b).

15          Defendants have filed no opposition to plaintiff's motion.  Plaintiff's efforts to

16  conduct an investigation or obtain affidavits from potential witnesses in support of his claims

17  should not be unnecessarily thwarted.  Plaintiff's motion for the court to order CSP-Corcoran

18  staff to permit plaintiff to conduct telephone interviews with his inmate witnesses will be denied.

19  However, the court will direct defendants' counsel to contact the Litigation Coordinator at

20  plaintiff's place of incarceration, CSP-Corcoran, to ascertain and to inform the court within

21  fourteen days why plaintiff is not being permitted, at a minimum, to correspond by mail with his

22  potential witnesses.

23          III.    Plaintiff's Motion for a Court-Ordered Settlement Conference

24          In reply to defendant's opposition to the motion for a settlement conference,

25  plaintiff states that  he no longer seeks a settlement conference and wishes to proceed to a trial

26  ////

1  by jury.  Plaintiff seeks to withdraw his motion.  The court will grant that request and deems the

2  motion withdrawn.

3         IV.    <u>Plaintiff's Proposed Supplement to the Amended Complaint</u>

4         Plaintiff filed a putative proposed supplement to his amended complaint on May

5  3, 2013.  ECF No. 64.  Defendants move to strike.  ECF No. 69.

6         Once an answer has been filed, a party may amend a pleading only by leave of

7  court or by written consent of the adverse party.  <u>See</u> Fed. R. Civ. P. 15(a)(2).  An answer was

8  filed by defendants Bennett, Fragoso, Pomilia and L. Gonzalez on April 2, 2012.  ECF No. 26.

9  Defendant Gonzales filed an answer on July 2, 2012.  ECF No. 40.   Plaintiff has filed neither a

10  motion to amend nor a stipulation signed by all parties.

11         The proposed supplement also violates E.D. Local Rule 220, which requires that

12  every supplement or amendment to a pleading be "filed so that it is complete in itself without

13  reference to the prior or superseded pleading."  L.R. 220 states further that "[n]o pleading shall

14  be deemed amended or supplemented until this Rule has been complied with."  Because

15  plaintiff's proposed supplement to his amended complaint does not comply with  L.R. 220 and

16  was not accompanied by a motion under Fed. R. Civ. P. 15(a)(2), it will be stricken.[6]

17         V.    <u>Motion for Summary Judgment</u>

18         Defendants' have moved for summary judgment.  ECF No. 52.  In his opposition,

19  ECF No. 56, plaintiff references his inability to obtain the discovery sought by his motion to

20  compel.  In light of the court's ruling on the motion to compel,  the undersigned will defer

21  consideration of the summary judgment motion pursuant to Fed. R. Civ. P. 56(d)(1).  The motion

22  will be vacated without prejudice to being re-noticed once defendants have provided further

23

24       [6]   Defendants opposed the supplement, which would add defendants and claims to the action, on grounds that it (1) does not relate back to the original complaint; (2) does not serve

25  judicial economy; and (3) would cause defendants undue prejudice.  ECF No. 66.  Because the court has found that the would-be supplement was not properly filed, the court does not address

26  these arguments or plaintiff's reply at ECF No. 68.

responses and/or further production of documents as provided by this order, and after the

undersigned has ruled on disclosure of the internal affairs investigation report following in

camera review.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel further production of documents from defendant

Gonzalez (ECF No. 45) is granted in part and denied in part as follows:

a) Granted as to RFP Nos. 2, 6, 7 and 8 to the extent set forth above only;

b) Denied as to RFP Nos. 3, 4, and 9;

2. Within fourteen days, defendant Gonzalez must submit to the chambers of the

undersigned for in camera review the report designated in defendant's privilege log as the

"Internal Affairs Investigation Report for case no. S-OPER-628-10-A (7204);"

3. Plaintiff's motion for an order allowing correspondence with incarcerated

witnesses (ECF No. 49) is denied.  Defendant's counsel is directed to inform the court, within

fourteen days, why plaintiff is not being allowed to correspond with potential inmate witnesses;

4. Plaintiff's motion for production of personnel files (ECF No. 57) is denied;

5. Plaintiff's motion for a settlement conference (ECF No. 63) is deemed

withdrawn and hereby vacated;

6. Defendants' request to strike (ECF No. 69) plaintiff's deficient proposed

supplement to the amended complaint (ECF No. 64) is granted; and

7. Defendants' December 11, 2012 motion for summary judgment (ECF No. 52)

is hereby vacated from the court's calendar subject to being re-noticed by defendants after (1)

discovery is served upon plaintiff as set forth above and (2) the court has ruled on disclosure of

////

////

1    the Internal Affairs Investigation Report following in camera review.

2    DATED: July 19, 2013

3

4

5    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE
6

7
     AC:009
8    moor3273.AC rev.ords

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26