IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERRICK J. MOORE,

    Plaintiff,                  No. 2:11-cv-3273 AC P

    vs.

L. GONZALEZ, et al.,           <u>ORDER</u>

    Defendants.

_____/

        Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The parties in this case have consented to the jurisdiction of the magistrate judge. ECF Nos. 17, 18, 38. Pending before the court are: (1) plaintiff's motion to compel discovery (ECF No. 45); (2) plaintiff's motion for an order allowing correspondence with incarcerated witnesses (ECF No. 49); (3) defendants' motion for summary judgment (ECF No. 52); (4) plaintiff's motion for an order granting access to review defendants' personnel records (ECF No. 57); (5) plaintiff's motion for a court-ordered settlement conference (ECF No. 63); (6) plaintiff's putative supplement to the amended complaint (ECF No. 64,) denominated "Civil Rights of Institutionalized Person[s] Act 42 U.S.C. 1997a; e"; and (7) defendants' request to strike plaintiff's supplement (ECF No. 69). For the reasons explained below, the court grants in

1

part and denies in part petitioner's motion to compel; denies petitioner's other motions; strikes the supplement to the complaint; and defers adjudication of defendant's motion for summary judgment.

AMENDED COMPLAINT

This case proceeds on an amended complaint against defendants Bennett, Fraguso, L. Gonzalez, Pomilla and K. Gonzalez. Amended Complaint, ECF No. 6. Plaintiff's claims arise from an alleged incident of excessive force and subsequent retaliation for complaining about the assault. The amended complaint alleges as follows.

On March 17, 2010, plaintiff was transported from Salinas Valley State Prison (SVSP) to California State Prison - Sacramento (CSPS) for a court hearing. Plaintiff was apparently one of an unspecified number of inmates transported together by bus. The bus stopped at San Quentin Sate Prison en route to CSPS.

At the outset, transportation officers Bennett and L. Gonzalez required inmates entering the bus, including plaintiff, to be shackled in waist chains and leg irons. Defendant Bennett advised inmates not to talk while the bus was moving, and warned them, "if I have to pull this bus over for any reason we will fuck you up." After the bus stopped at San Quentin, plaintiff began to converse with other inmates. Defendant Gonzalez responded by dragging plaintiff from his seat by force and choking him, stating "'You don't open your fucking mouth you understand me,'" while slamming plaintiff's back and shoulders against "the steel structure of the bus." When plaintiff asked why Gonzales was doing this, Gonzalez choked plaintiff harder and told plaintiff not to ever question his orders. Gonzalez cut off plaintiff's breath and circulation, letting go only as plaintiff neared unconsciousness. Gonzalez stated that he would break plaintiff's neck if he disrespected him again. ECF No. 6 at 2-7.

Plaintiff alleges that defendant Bennett, Gonzalez' supervisor, saw the entire attack and made no effort to intervene. When plaintiff told Bennett that he wished to file an excessive force claim, Bennett told plaintiff: "You don't want these type of problems. Filing a

1  complaint will cause your property to come up missing, and then I'll have to write you up." In
2  other words, Bennett threatened plaintiff with loss of property and a fabricated disciplinary
3  report. Plaintiff nevertheless insisted on filing a complaint. Plaintiff saw a nurse at San Quentin
4  and received a medical report of injury, including photographs. On the subsequent bus ride
5  from San Quentin to CSPS, Bennett and Gonzalez told plaintiff he had "fucked up." Upon
6  arrival at CSPS, Bennett and defendant Pomilla, a CSPS correctional officer in Receiving and
7  Release (R&R), called plaintiff to sign a CDC 1858 form acknowledging his right to file a
8  complaint against a peace officer. Bennett stated: "You['re] going to regret it." Plaintiff was
9  seen by a nurse who completed another injury report, but plaintiff was never provided medical
10 care. ECF No. 6 at 3-4, 7-8.

11       At CSPS, plaintiff was apparently housed in administrative segregation (ad seg)
12 on out-to-court status. On March 19, 2010, CSPS ad seg officers told plaintiff to leave his
13 clothing inside his cell because he would be returning there from court. However, plaintiff was
14 then advised by defendant Pomilla in R&R that the court appearance had been cancelled and
15 plaintiff was being returned to SVSP. When plaintiff told Pomilla about the personal property
16 left in his ad seg cell, Pomilla told him that the clothing was already in R&R, stating "You'll get
17 it or I'll send it, I hope." Plaintiff then told defendant Fragoso, a CSPS correctional sergeant in
18 R&R, about his excessive force complaint against defendant Gonzalez and defendant Bennett's
19 retaliatory threats of property deprivation, and complained that Pomilla was participating in the
20 retaliation by withholding his property. Despite being Pomilla's direct supervisor, Fragoso
21 refused to stop the retaliation. ECF No. 6 at 3, 9-10.

22       When plaintiff returned to SVSP, defendant K. Gonzales in SVSP R&R
23 confiscated plaintiff plaintiff's legal documents, mail and books, and has since refused to return
24 plaintiff's legal property. Plaintiff contends that these acts were in retaliation for filing an
25 excessive force complaint. He seeks declaratory relief and compensatory and punitive damages.
26 ECF No. 6 at 4, 10-12.

MOTIONS

I. Plaintiff's Belated Discovery Motions

By Order filed on April 9, 2012, the deadline for the conclusion of discovery and for the filing of any motion necessary to compel discovery was September 7, 2012. ECF No. 30. The dispositive motion filing deadline was December 11, 2012. Plaintiff filed a motion to compel discovery on October 29, 2012, almost two months beyond the discovery deadline. ECF No. 45. On January 11, 2013, plaintiff filed a motion for an order granting plaintiff access to defendants' personnel records, which he styled a "Pitchess" motion. ECF No. 57. That motion was filed some four months beyond the deadline for discovery. Defendants oppose both motions on grounds of untimeliness. ECF Nos. 47, 60.

    A. Motion to Compel Further Response to Requests for Production of Documents

Plaintiff seeks to compel further responses to his requests for production (RFP) nos. 2 - 4 and 6 - 9, directed to defendant Gonzalez. Motion to Compel, ECF No. 45. In opposition, defendant Gonzalez observes that the motion is untimely and argues that he has provided plaintiff with complete responses. Opposition, ECF No. 47. Plaintiff has submitted documentation of his informal attempts to resolve the disputes during the discovery period, and contends that defendant's delayed responses were the cause of the untimeliness. ECF No. 45 at 16-17, 19-20; Reply, ECF No. 51 at 2. Plaintiff also represents that he was limited in his access to the law library. ECF No. 51 at 3. In light of plaintiff's pro se status and his showing of reasonably diligent efforts to timely complete discovery, the court will entertain the motion notwithstanding its untimeliness.

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable

4

matter." Id. Discovery may extend to relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery"; or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2)(C)(I), (ii) and (iii).

1.  RFP Nos. 2 & 8: Internal Affairs Investigation Report

Request for production No. 2 seeks all documents generated by the Internal Affairs investigation into plaintiff's excessive force claim.[1] Request for production No. 8 seeks the identities of, and personnel information including any disciplinary charges against, individuals who worked in San Quentin R&R on March 17, 2010.[2] Defendant produced numerous documents in response to each of these RFPs, together with a privilege log identifying materials that were not produced. The privilege log identifies an "Internal Affairs Investigation Report for case no. S-OPER-628-10-A (7204)" as responsive to RFP Nos. 2 and 8, and provides the following grounds for the invocation of privilege:

---

[1] RFP No. 2 requests production of:

> Any and all documents generated by cause of an "investigation" conducted by the Department of Corrections, Office of Investigation commonly known as the Office of "Internal Affairs." This request includes but is not limited to, all policies, procedures, or practices specific to the method of investigation, i.e., the disciplinary practices, penalty if an employ[ee] if found guilty of a violation of conduct, penalty levels.

[2] RFP No. 8 states:

> Plaintiff request the defendants produce and provide the names, job titles, years of service, work history and any and all charges if ever, filed against them for inspection, as well as those assign[ed] individuals who work[ed] in San Quentin Receiving and Release area on March 17, 2010.

5

> This document contains confidential information the disclosure of which would create a hazard to the safety and security of the institution in that this document contains: (1) Defendant Gonzalez's full name and date of birth; (2) other correction staff members' names; (3) other inmates' names and CDC numbers. In addition, this document is part of Defendant Gonzalez's personnel file and thus is protected by various state and federal statutes governing the confidentiality of peace officer records.

ECF No. 47 at 14-15. Plaintiff seeks an order compelling production of the report.

In considering plaintiff's motion to compel, the court is mindful that privileges are to be "strictly construed" because they "impede full and free discovery of the truth," Eureka Financial Corp. v. Hartford Acc. and Indemnity Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). The Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988).

Defendant contends in general terms that peace officer records are confidential under state and federal statutes. Federal law governs the existence and scope of an asserted privilege in federal question cases. Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d 192, 197 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976). "Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) ("[g]overnment personnel files are considered official information."). "To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez, 936 F.2d at 1033-34. "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal. 1993).

////

6

Defendant Gonzalez has a legitimate concern about releasing personnel information, particularly into a prison population. However, this concern can be addressed to a significant degree by redaction. The relevance of the Internal Affairs Report is not subject to reasonable dispute. The question then becomes whether the potential disadvantages of disclosure outweigh the potential benefits for plaintiff. The Ninth Circuit has suggested that where information might warrant protection, a party "may assert a privilege to a particular document . . ., and perhaps seek in camera inspection, at the time the documents are discovered in the district court." Kerr, 511 F.2d at 198-99. In order to apply the balancing test required under these circumstances, the court must review the report in camera. Accordingly, defendant Gonzalez will be ordered to produce the "Internal Affairs Investigation Report for case no. S-OPER-628-10-A (7204)" to the court within fourteen (14) days, for in camera review. Personal data, such as the social security numbers of defendants and other individuals, birth dates and home addresses, should be redacted from the report prior to submission for in camera review.

Plaintiff's motion to compel further production in response to RFP Nos. 2 and 8 is granted insofar as it seeks in camera review of the Internal Affairs Investigation Report, and denied in all other respects.

        2.    <u>RFP No. 3: Policies and Procedures Regarding Excessive Force Incident Reports</u>

Request for Production No. 3 seeks policies and procedures that govern the writing of incident reports when "excessive force" is used on an inmate.[3] Defendant responded that the only such policies and procedures are contained in Title 15 of the California Code of

---

[3] Specifically, RFP No. 3 seeks:

> Any and all documents, policies and procedures of writing incident reports when "excessive force" is used on an inmate. This request includes but is not limited to, when the inmate is restrained in "mechanical leg irons" and "waist chains;" maintenance of records of all incidents which result in physical harm to an inmate.

Regulations and the Department Operations Manual, both of which are available to Plaintiff for inspection and copying under the institution's procedures. This response is entirely adequate. The motion to compel is denied as to RFP No. 3.

   3. <u>RFP No. 4: Information Regarding Medical Staff Who Evaluated Plaintiff on March 17, 2010</u>

   Request for Production No. 4 seeks the identities of, and extensive information regarding, medical staff who participated in the evaluation of plaintiff following his altercation with defendant Gonzalez.[4] Defendant produced numerous responsive documents, comprising more than 20 pages of documentation regarding plaintiff's health care requests, medication and treatment for the period from March 3, 2010 through April 30, 2010. The court has reviewed these documents, which include the names of those medical personnel who provided treatment to plaintiff in relation to the injuries at issue in this action. Defendant Gonzalez stated in response to the RFP that he has conducted a reasonable and diligent search for additional responsive documents, including "disciplinary actions, complaints, institutional grievances, criminal charges, suspensions, letters of reprimand, and demotion that were filed or issued to the medical staff who provided Plaintiff with medical care following the alleged March 17, 2010 incident," and that there are no such in his possession, custody or control. ECF No. 47 at 9-10. Defendant's production is sufficient. The court cannot compel production of additional documents that do not exist.

---

[4] RFP No. 4 seeks:

> Any and all names of medical staff who participated in the evaluation of plaintiff on March 17, 2010 after the "excessive force" was used. This request includes but is not limited to, medical opinion, injury reports, progress notes, CDC encounter forms, years of employment for the state, any and all disciplinary actions filed against them, complaints, institutional grievances, criminal charges, felony and or misdemeanor, suspensions, letters of reprimand[,] demotions.

8

        4.      RFP No. 6: The Jump Suit

Request for Production No. 6 asks defendant to "produce and provide for inspection the jump suit Plaintiff wore on the bus the day of the incident, March 17, 2010." Defendant responded that he has no "responsive documents" in his custody or control. Pursuant to Fed. R. Civ. P. 34(a)(1)(B), plaintiff may seek production of and be allowed to inspect "any designated tangible thing." Defendant's response is limited to documents, and does not address the tangible thing that plaintiff requested. Defendant will be ordered to either to produce the item sought for inspection or to provide an appropriate response to the request.

        5.      RFP No. 7: Video Recordings and Photographs

Request for Production No. 7 seeks "any and all videos capture of San Quentin receive and release area; photos on March 17, 2010." In response, defendant produced a staff sign in/sign out sheet that shows which employees worked which shifts in R&R on March 17, 2010. ECF No. 47 at 11, 77-78. Defendant stated that there are no other responsive "documents" within his custody or control. In order to lay to rest any suspicion of evasiveness, defendant will be ordered to supplement his response to specify whether there are any responsive video recordings or photographs within his custody or control.

        6.      RFP No. 9: Information Regarding Defendant's Citation To Statutes

Request for Production No. 9 seeks "the detailed purpose for the incorporation of inapplicable citation California Code of Civil Procedure 340, 342, 343, 352.1(a) cited in defendants' motion for demand for jury trial." This request appears directed to some of the state law citations in the section of the Answer setting forth "Affirmative Defenses," specifically with reference to the statute of limitations. See Answer, ECF No. 40. Defendant correctly argues that this request does not seek relevant information and is an inappropriate discovery request. The motion to compel will be denied as to RFP No. 9.

        B.      Plaintiff's Motion for Leave to Access Defendants' Personnel Records

Plaintiff seeks access to defendants' personnel records for the purpose of

9

```
```

determining whether they have been involved in prior excessive force incidents or committed other relevant misconduct. ECF No. 57. Plaintiff styles this request as a Pitchess motion. See Pitchess v. Superior Court, 11 Cal.3d 531, 535 (1974). A Pitchess motion is a California procedure by which a criminal defendant may seek a police officer's personnel records. See, e.g., City of Santa Cruz v. Municipal Court, 49 Cal.3d 74, 84-85 (1989). Pitchess procedures do not apply in federal court. This court construes plaintiff's motion as a motion to compel production of the personnel files pursuant to Fed. R. Civ. P 37, and denies it as such.

Plaintiff did not serve a request for production of the personnel files before seeking a court order compelling their disclosure. Rule 37(a), Fed. R. Civ. P., provides that a motion to compel may be brought when a party fails to respond to a properly propounded discovery request, following a good faith attempt to confer in an effort to obtain a response. Plaintiff's failure to follow the required procedure defeats his motion.

Moreover, plaintiff filed this motion more than four months after the close of discovery, and has provided no explanation for the delay. The undersigned entertained plaintiff's late motion to compel, ECF No. 45, because that motion involved the adequacy of responses to timely discovery requests, and plaintiff had attempted to resolve the disputes within the discovery period. The Pitchess motion was filed twice as long after the close of discovery, and was not preceded by timely discovery requests. Accordingly, the motion is denied both as untimely and for failure to comply with Rule 37.

II.  Motion for an Order to Allow Plaintiff's Correspondence with Inmate Witnesses

Plaintiff seeks an order from this court which would permit him to correspond with three inmates who he states are witnesses to the events at issue. ECF No. 49.[5] Plaintiff would like to be able to interview his witnesses by phone; at a minimum, he seeks to correspond with them by mail. Id. at 1-2. Plaintiff contends that his efforts to correspond with the potential

---

[5] The inmates plaintiff names are: J. Thompson, # J76696; D. Collins, # H42450; and T. Nelson, # E51326. Id. at 2. Plaintiff believes these inmates to be housed at CSPS.

inmate witnesses has been thwarted by staff at CSP-Corcoran. Id. Plaintiff provides an exhibit indicating his unsuccessful effort to comply with the prison rules regarding inmate correspondence. He has submitted a "request for correspondence approval" for each of the inmates; the requests were directed to the warden and in each plaintiff sought a telephone conference with each of his designated witnesses. ECF 49 at 4-6. In denying each request, a CCI J. Torres cited "O.P. 205" stating that that regulation only permitted co-litigants in active court case to correspond and denying plaintiff's requests because none of the inmates were plaintiff's co-litigant.

Correspondence between inmates is generally prohibited. See 15 Cal. Code. Regs. § 3139. However, inmates may "obtain written authorization from the Warden . . . or [his] designee . . . to correspond with any . . . [i]nmates under the jurisdiction of any county, state or federal, juvenile or adult correctional agency . . . ." Id., § 3139(a). "Inmates may initiate requests to correspond with the above by contacting their Correctional Counselor I (CCI)." Id., § 3139(b).

Defendants have filed no opposition to plaintiff's motion. Plaintiff's efforts to conduct an investigation or obtain affidavits from potential witnesses in support of his claims should not be unnecessarily thwarted. Plaintiff's motion for the court to order CSP-Corcoran staff to permit plaintiff to conduct telephone interviews with his inmate witnesses will be denied. However, the court will direct defendants' counsel to contact the Litigation Coordinator at plaintiff's place of incarceration, CSP-Corcoran, to ascertain and to inform the court within fourteen days why plaintiff is not being permitted, at a minimum, to correspond by mail with his potential witnesses.

   III.   Plaintiff's Motion for a Court-Ordered Settlement Conference

In reply to defendant's opposition to the motion for a settlement conference, plaintiff states that he no longer seeks a settlement conference and wishes to proceed to a trial
////

11

by jury. Plaintiff seeks to withdraw his motion. The court will grant that request and deems the motion withdrawn.

IV.  Plaintiff's Proposed Supplement to the Amended Complaint

Plaintiff filed a putative proposed supplement to his amended complaint on May 3, 2013. ECF No. 64. Defendants move to strike. ECF No. 69.

Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a)(2). An answer was filed by defendants Bennett, Fragoso, Pomilia and L. Gonzalez on April 2, 2012. ECF No. 26. Defendant Gonzales filed an answer on July 2, 2012. ECF No. 40. Plaintiff has filed neither a motion to amend nor a stipulation signed by all parties.

The proposed supplement also violates E.D. Local Rule 220, which requires that every supplement or amendment to a pleading be "filed so that it is complete in itself without reference to the prior or superseded pleading." L.R. 220 states further that "[n]o pleading shall be deemed amended or supplemented until this Rule has been complied with." Because plaintiff's proposed supplement to his amended complaint does not comply with L.R. 220 and was not accompanied by a motion under Fed. R. Civ. P. 15(a)(2), it will be stricken.[6]

V.  Motion for Summary Judgment

Defendants' have moved for summary judgment. ECF No. 52. In his opposition, ECF No. 56, plaintiff references his inability to obtain the discovery sought by his motion to compel. In light of the court's ruling on the motion to compel, the undersigned will defer consideration of the summary judgment motion pursuant to Fed. R. Civ. P. 56(d)(1). The motion will be vacated without prejudice to being re-noticed once defendants have provided further

---

[6] Defendants opposed the supplement, which would add defendants and claims to the action, on grounds that it (1) does not relate back to the original complaint; (2) does not serve judicial economy; and (3) would cause defendants undue prejudice. ECF No. 66. Because the court has found that the would-be supplement was not properly filed, the court does not address these arguments or plaintiff's reply at ECF No. 68.

responses and/or further production of documents as provided by this order, and after the undersigned has ruled on disclosure of the internal affairs investigation report following in camera review.

## CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel further production of documents from defendant Gonzalez (ECF No. 45) is granted in part and denied in part as follows:

    a) Granted as to RFP Nos. 2, 6, 7 and 8 to the extent set forth above only;

    b) Denied as to RFP Nos. 3, 4, and 9;

2. Within fourteen days, defendant Gonzalez must submit to the chambers of the undersigned for in camera review the report designated in defendant's privilege log as the "Internal Affairs Investigation Report for case no. S-OPER-628-10-A (7204);"

3. Plaintiff's motion for an order allowing correspondence with incarcerated witnesses (ECF No. 49) is denied. Defendant's counsel is directed to inform the court, within fourteen days, why plaintiff is not being allowed to correspond with potential inmate witnesses;

4. Plaintiff's motion for production of personnel files (ECF No. 57) is denied;

5. Plaintiff's motion for a settlement conference (ECF No. 63) is deemed withdrawn and hereby vacated;

6. Defendants' request to strike (ECF No. 69) plaintiff's deficient proposed supplement to the amended complaint (ECF No. 64) is granted; and

7. Defendants' December 11, 2012 motion for summary judgment (ECF No. 52) is hereby vacated from the court's calendar subject to being re-noticed by defendants after (1) discovery is served upon plaintiff as set forth above and (2) the court has ruled on disclosure of

////

////

1  the Internal Affairs Investigation Report following in camera review.

2  DATED: July 19, 2013

*/s/ Allison Claire*

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
moor3273.AC rev.ords