1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  MARISA Y. KIRSCHENBAUER, State Bar No. 226729
   Supervising Deputy Attorney General
3  PREETI K. BAJWA, State Bar No. 232484
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:  (415) 703-1621
    Fax:  (415) 703-5843
6   E-mail:  Preeti.Bajwa@doj.ca.gov
   *Attorneys for Defendants*
7  *W. Bennett, R. Gonzales and L. Gonzalez*

   JAMES V. WEIXEL, SBN 166024
   WEIXEL LAW OFFICE
   150 Post St., Ste. 520
   San Francisco, California 941-8
   Telephone: (415) 691-7495
   Fax: (866) 640-3918
   appeals@jimweixel.com
   Attorney for Plaintiff
   Merrick Moore

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MERRICK JOSE MOORE,**<br><br>                          Plaintiff,<br><br>     v.<br><br>**L. GONZALEZ, et al.,**<br><br>                          Defendants. | 2:11-cv-03273-AC (PC)<br><br>**STIPULATION TO PROTECTIVE ORDER PER COURT'S ORDER (ECF NO. 83) and ~~PROPOSED~~ ORDER**<br><br>Judge:          The Honorable Allison Claire<br>Trial Date:    August 31, 2015<br>Action Filed: January 25, 2011 |

**PURPOSES AND LIMITATIONS**

On September 30, 2013, the Court ordered the disclosure of a confidential report subject to a protective order.  (*See* ECF No. 83.)  At the time, Plaintiff Merrick Moore was representing himself in pro per.  Subsequently, on November 25, 2014, this Court appointed James V. Weixel to represent Plaintiff.  Defendants will produce a copy of the confidential report as per Court Order, ECF No. 83, as CONFIDENTIAL-ATTORNEY'S EYES ONLY, per this stipulated protective order.

Accordingly, Plaintiff Merrick Moore and Defendants Bennett, R. Gonzales and L. Gonzalez (the "Parties") hereby stipulate to enter a protective order under the terms stipulated to by the Parties.  The Parties acknowledge that this protective order is not a waiver of any objection

1

1  by a party to the production of privileged or confidential documents and information, including
2  but not limited to the right to privacy and the official information privilege, nor does this affect
3  the parties' right to withhold the production of the privileged or confidential information,
4  including but not limited to the Defendants' personal identifying information.  Such privileged
5  and confidential documents and information will be withheld until after the parties meet and
6  confer, the propounding party successfully moves for an *in camera review* by the Court, and will
7  not be produced absent a Court order requiring production after an *in camera review*.  No party
8  will be held in contempt of this protective order for any objections and withholding of documents
9  asserted under this section.
10  Defendants assert that that the confidential report has been designated to contain
11  information that has been deemed confidential by the California Department of Corrections and
12  Rehabilitation (CDCR) for safety and security reasons, and has been restricted from general
13  distribution, including but not limited to inmates, parolees, and the public.  Thus, the confidential
14  report is designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Protective
15  Order.
16  Under this Protective Order, "CONFIDENTIAL - ATTORNEYS' EYES ONLY"
17  Information or Items is defined as: information (regardless of how it is generated, stored or
18  maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure
19  26(c) and constitutes or discloses information that threatens prison safety or security.  The criteria
20  for such a designation shall be whether the Party has a good faith belief that the information is
21  entitled to protection from disclosure to non-attorneys, including any inmate, because such
22  information threatens inmate or prison safety or security.
23  **SCOPE**
24  The Stipulation shall apply to the production and exchange of the Confidential Report per
25  Court Order (ECF No. 83), regardless of whether such production or exchange is made informally
26  or in response to formal discovery requests or mechanisms.
27  The protections conferred by this Stipulation and Order cover not only the Confidential
28  Report (as defined above), but also (1) any information copied or extracted from the Confidential

2

Stip. to Prot. Order and [Proposed] Order (2:11-cv-03273-AC (PC))

Report; (2) all copies, excerpts, summaries, or compilations of Confidential Report; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal the Confidential Report.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of the Confidential Report at trial shall be governed by a separate agreement or order.

**DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**ACCESS TO AND USE OF CONFIDENTIAL REPORT**

Basic Principles. A Receiving Party may use the Confidential Report only in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  The Confidential Report may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions below (FINAL DISPOSITION).

The Confidential Report must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3

Stip. to Prot. Order and [Proposed] Order (2:11-cv-03273-AC (PC))

**UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL REPORT**

In the event the Receiving Party believes that the Confidential Report has been viewed or obtained by persons other than Counsel of Record and their support staff, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) identify the person or persons to whom unauthorized disclosures were made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to retrieve all unauthorized copies of the Confidential Report.

**FINAL DISPOSITION**

(a) Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all the Confidential Report to the Producing Party for destruction or destroy such material. As used in this subdivision, this includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Report. Whether the Confidential Report is returned, or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) the Confidential Report that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Report.

(b) Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain the Confidential Report. In addition, Counsel of Record is not required to destroy or return copies of the Confidential Report that may be stored on back-up tapes created in the Receiving Party's normal course of business and retained for disaster-recovery purposes. Any such archival or back-up tape copies that contain or constitute the Confidential Report remain subject to this Protective Order as set forth in the duration section, above.

4

Stip. to Prot. Order and [Proposed] Order (2:11-cv-03273-AC (PC))

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 18, 2015                                              Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General

*/s/ PREETI K. BAJWA*
_____
PREETI K. BAJWA
Deputy Attorney General
Attorneys for Defendants
Bennett, R. Gonzales and L. Gonzalez

WEIXEL LAW OFFICE

*/s/ James Weixel*
_____
JAMES WEIXEL,
Attorney for Plaintiff
Merrick Moore

**PURSUANT TO STIPULATION, IT IS SO ORDERED**:

DATED: March 19, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5

Stip. to Prot. Order and [Proposed] Order (2:11-cv-03273-AC (PC))